1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    THOMAS FREDERICK LEONARD,              No.  2:23-CV-2693-DAD-DMC-P

12              Petitioner,

13         v.                                FINDINGS AND RECOMMENDATIONS

14    D. CUEDA,

15              Respondent.

16

17         Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Respondent's unopposed

19    motion to dismiss.  See ECF No. 13.  Respondent argues that this action must be dismissed

20    because all claims raised are unexhausted.  See id.  Respondent further argues that Petitioner's

21    Fourth Amendment claim is not cognizable.  See id.  Respondent has lodged relevant state court

22    records in support of the motion to dismiss.  See ECF No. 14.

23

24                              **I.  BACKGROUND**

25         This action proceeds on Petitioner's second amended petition.  See ECF No. 8.

26    Petitioner was convicted in the Sacramento County Superior Court of numerous counts of lewd

27    acts upon a child.  See ECF No. 14-1 (abstract of felony judgment).  On direct appeal, Petitioner

28    raised the following claims: (1) the evidence was insufficient to establish multiple instances of

                                         1

1  lewd conduct as to victim A.; (2) the trial court erred in excluding evidence that victim A. had

2  previously accused her cousin of molesting her; (3) trial court error and ineffective assistance of

3  counsel as to testimony from Dr. Washington; (4) the trial court erred in allowing hearsay

4  evidence; (5) ineffective assistance of counsel regarding the prosecutor's closing arguments; (6)

5  the trial court erred in declining to stay punishment as to count one; and (7) cumulative error. See

6  ECF NO. 14-2 (appellate court unpublished decision).  The California Court of Appeal affirmed

7  the conviction and remanded for resentencing.  See id.  The California Supreme Court denied

8  review without comment or citation.  See ECF No. 14-4.  On remand, Petitioner was resentenced

9  in the Sacramento County Superior Court on January 27, 2023.  See ECF No. 14-5.

10         In the operative second amended petition, Petitioner raises the following claims:

11  (1) Petitioner's confession was obtained through coercion; (2) the conviction was obtained in

12  violation of Petitioner's Fifth Amendment rights against self-incrimination; (3) the prosecutor

13  failed to disclose exculpatory evidence; and (4) evidence was obtained in violation of Petitioner's

14  Fourth Amendment rights.  See ECF No. 8.

15

16                        **II.  DISCUSSION**

17         Respondent argues: (1) the entire petition must be dismissed because none of the

18  claims raised has been exhausted in state court; and (2) Petitioner's Fourth Amendment claim is

19  not cognizable.  See ECF No. 13.  The Court agrees.

20      **A.**     **Exhaustion**

21         Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required

22  before claims can be granted by the federal court in a habeas corpus case.  See Rose v. Lundy,

23  455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler,

24  336 F.3d 839 (9th Cir. 2003).  The exhaustion doctrine is based on a policy of federal and state

25  comity, designed to give state courts the initial opportunity to correct alleged constitutional

26  deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

27  "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest

28  state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the

time the petitioner filed the habeas petition in federal court no state remedies are available to the

petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v.

Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  Exhaustion is not a jurisdictional

requirement, and the court may raise the issue sua sponte.  See Simmons v. Blodgett, 110 F.3d 39,

41 (9th Cir. 1997).  Unless the petitioner can show that a stay of the federal petition to allow for

state court exhaustion proceedings is warranted, a petition asserting unexhausted claims should be

dismissed.  See Mena v. Long, 813 F.3d 907 (9th Cir. 2016); Wooten v. Kirkland, 540 F.3d 1019,

1026 (9th Cir. 2008) (citing Rhines v. Weber, 544 U.S. at 278); Jefferson v. Budge, 419 F.3d

1013, 1016 (9th Cir. 2005).

Here, it is clear that Petitioner failed to raise any of the claims currently asserted in

the second amended petition in the California Supreme Court.  Because Petitioner has not

demonstrated that a stay is warranted, and indeed has not opposed Respondent's motion at all, the

Court finds that dismissal is appropriate.

**B.      Fourth Amendment Claims**

In Stone v. Powell, the United States Supreme Court held that "where the State has

provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner

may not be granted federal habeas corpus relief on the ground that evidence obtained in an

unconstitutional search or seizure was introduced at his trial."  428 U.S. 465, 494 (1976).  Thus, a

Fourth Amendment claim can only be litigated on federal habeas where petitioner demonstrates

that the state did not provide an opportunity for full and fair litigation of the claim; it is

immaterial whether the petitioner actually litigated the Fourth Amendment claim.  Gordan v.

Duran, 895 F.2d 610, 613 (9th Cir. 1990).  The issue before this Court is whether Petitioner had a

full and fair opportunity in the state courts to litigate his Fourth Amendment claim, not whether

Petitioner actually litigated those claims, nor whether the state courts correctly disposed of the

Fourth Amendment issues tendered to them.  See id.; see also Siripongs v. Calderon, 35 F.3d

1308 (9th Cir. 1994).

/ / /

/ / /

1    In his fourth claim, Petitioner asserts evidence used against him was obtained from

2  an illegal search and seizure, in violation of his rights under the Fourth Amendment.  According

3  to Respondent:

4         . . .California's Penal Code section 1538.5 suppression procedure
       provides the opportunity so Fourth Amendment claims are unavailable on
5      federal habeas whether or not the statutory procedure is utilized. *Ortiz-
       Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *Stephens v. Attorney
6      General, California*, 23 F.3d 248, 249 (9th Cir. 1994); *Gordon v. Duran*,
       895 F.2d 610, 613-14 (9th Cir. 1990). Because Petitioner had such an
7      opportunity, his Fourth Amendment claim is barred and ground four
       should be dismissed.
8
       ECF No. 18, pg. 3.
9

10    The Court agrees.  Because Petitioner had the opportunity to raise his Fourth

11  Amendment claim in the context of a suppression proceeding under California Penal Code §

12  1538.5, the claim is not cognizable regardless of whether Petitioner utilized this process.

13

14                          **III.  CONCLUSION**

15    Based on the foregoing, the undersigned recommends that Respondent's unopposed

16  motion to dismiss, ECF No. 13, be GRANTED.

17    These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

19  after being served with these findings and recommendations, any party may file written objections

20  with the Court.  Responses to objections shall be filed within 14 days after service of objections.

21  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

22  Ylst, 951 F.2d 1153 (9th Cir. 1991).

23

24  Dated:  September 10, 2024

25                                              _____
                                                DENNIS M. COTA
26                                              UNITED STATES MAGISTRATE JUDGE

27

28

4