IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FREDERICK LEONARD,<br><br>Petitioner,<br><br>v.<br><br>D. CUEDA,<br><br>Respondent. | No. 2:23-CV-2693-DAD-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Petitioner's motion for reconsideration and modification of sentence. See ECF No. 20.

On September 10, 2024, the undersigned recommend dismissal of Petitioner's petition because Petitioner failed to exhaust the claims and did not oppose Respondent's motion to dismiss nor demonstrate that any stay was warranted. See ECF No. 17, pg. 3. Additionally, Petitioner's Fourth Amendment claim was not cognizable See id. at 3-4. Petitioner did not file any objections to the findings and recommendations. On January 27, 2025, the District Judge adopted the undersigned's findings and recommendations, ECF No. 17, granting Respondent's motion to dismiss and dismissing Petitioner's petition. See ECF No. 18. The District Judge declined to issue a certificate of appealability. See id.

///

1

The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28) days after entry of the judgment. See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[1] See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the Court's own motion and at any time. See Fed. R. Civ. P. 60(a). Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. See Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6). A motion for reconsideration on any of these grounds must be brought

---

[1] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2). A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1  "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

2  On June 27, 2025, Petitioner filed a motion to reconsider, seeking modification of his sentence. See ECF No. 20. Petitioner contends that his case "was closed without any judgement." Id. at 20-1. Petitioner expresses concern that, due to his health, he will not be able to see his 2041 release date. See id. Petitioner asserts that he would like to see his children and grandchildren and experiences "extreme leg pain in [his] amputated left leg." Id.

Here, Petitioner seeks reconsideration based on his assertion that his case was decided "without any judgement." See id. The judgment being challenged was issued almost five months earlier. See ECF No. 19. As such, the Court finds that Petitioner's motion is untimely under Rule 59. Additionally, Petitioner does not allege any facts that would give rise to relief under Rule 59 or Rule 60.

Based on the foregoing, the undersigned recommends that Petitioner's motion for reconsideration, ECF No. 20, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.

Dated:  August 26, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE