UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS FREDERICK LEONARD,

Petitioner,

v.

D. CUEDA,

Respondent.

No. 2:23-cv-02693-DAD-DMC (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITIONER'S MOTION FOR RECONSIDERATION

(Doc. Nos. 20, 21)

Petitioner Thomas Frederick Leonard is a state prisoner proceeding *pro se* and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 27, 2025, the assigned magistrate judge issued findings and recommendations recommending that petitioner's motion for reconsideration of the court's January 27, 2025 order dismissing his federal habeas petition, characterized by petitioner as a motion for modification of his sentence (Doc. No. 20), be denied. (Doc. No. 21.) Specifically, the magistrate judge concluded that petitioner's motion for reconsideration was both untimely and failed to present any basis for the granting of the relief sought. (*Id*. at 3.) The pending findings and recommendations were served upon petitioner and contained notice that any objections thereto were to be filed

1

within fourteen (14) days after service. (*Id.*) To date, petitioner has not filed any objections and the time in which to do so has long since passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Having concluded that the pending motion for reconsideration must be denied, the court also declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the present case, the court finds that reasonable jurists would not find the court's determination that the motion for reconsideration of this court's order dismissing his petition for federal habeas relief must be denied to be debatable or wrong. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on August 27, 2025 (Doc. No. 21) are ADOPTED in full;

2. Petitioner's motion for reconsideration of the court's January 27, 2025 order dismissing his federal habeas petition, characterized by petitioner as a motion for modification of his sentence (Doc. No. 20), is denied;

/////

/////

/////

2

3. The court again DECLINES to issue a certificate of appealability; and

4. The Clerk of the Court is again directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    **March 12, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE